<u>**Exhibit A-1**</u>

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| ALEX TORSTORFF, Individually and on Behalf of All Others Similarly Situation, <br><br> Plaintiff, <br><br> v. <br><br> MYNARIC AG, MUSTAFA VEZIROGLU, and STEFAN BERNDT-VON BÜLOW <br><br> Defendants. | Case No. 1:24-cv-07602-KAM-CLP <br><br> Hon. Kiyo A. Matsumoto |

**NOTICE OF PENDENCY OF CLASS ACTION**
**AND PROPOSED SETTLEMENT, FINAL APPROVAL HEARING AND MOTION FOR**
**ATTORNEYS' FEES AND EXPENSES**

**If you purchased or otherwise acquired Mynaric AG ("Mynaric" or the "Company") American Depository Shares ("ADS") between June 20, 2024 and October 7, 2024, both dates inclusive (the "Class Period"), you may be entitled to a payment from a class action settlement.**

*A Federal Court authorized this notice. This is not a solicitation from a lawyer.*

**IF YOU ARE A SETTLEMENT CLASS MEMBER, YOUR LEGAL RIGHTS WILL BE AFFECTED BY THIS SETTLEMENT WHETHER YOU ACT OR DO NOT ACT. PLEASE READ THIS NOTICE CAREFULLY.**

- **Purpose of Notice:** The purpose of this Notice[1] is to inform you of the pendency of this securities class action (the "Action"), the proposed settlement of the Action (the "Settlement"), and a hearing to be held by the Court to consider: (i) whether the Settlement should be approved; (ii) whether the proposed plan for allocating the proceeds of the Settlement (the "Plan of Allocation") to Settlement Class Members should be approved; (iii) Lead Counsel's application for attorneys' fees and expenses; and (iv) Lead Plaintiff's request for an award. This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement, object, or be excluded from the Settlement Class. The Court may change the date of the Settlement Hearing, or hold it telephonically or via videoconference, without providing another notice. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

---

[1] All capitalized terms not otherwise defined in this Notice shall have the same meaning provided in the Stipulation and Agreement of Settlement, dated April 21, 2025 (the "Stipulation").

**Exhibit A-1**

- **Summary of Released Claims:** The Settlement resolves, *inter alia,* claims by the Court-appointed Lead Plaintiff Alex Torstorff ("Lead Plaintiff," and together with the Settlement Class, "Plaintiffs"), on behalf of himself and the other members of the Settlement Class against Defendants Mynaric AG, Mustafa Veziroglu, and Stefan Berndt-von Bülow (collectively, "Defendants") for alleged violations of federal securities laws by allegedly making misrepresentations and/or omissions of material fact in a press release announcing its fiscal year 2023 results and outlook for fiscal year 2024 (the "FY 2023 Earnings Release"), as well as alleged misrepresentations and/or omissions of material fact between June 20, 2024 and October 7, 2024, both dates inclusive. *See* Question 9 below for details.

- **Statement of Class Recovery:** Subject to Court approval, Lead Plaintiff, on behalf of the Settlement Class, have agreed to settle the Action in exchange for a payment of $300,000.00 (the "Settlement Amount"), which will be deposited into an Escrow Account and may earn interest (the "Settlement Fund"). The Net Settlement Fund (as defined in the Stipulation) will be distributed to Settlement Class Members according to the Court-approved plan of allocation (the "Plan of Allocation"). The proposed Plan of Allocation is set forth on pages 13-16 below.

- **Estimate of Average Recovery Per Share:** Lead Plaintiff and Lead Counsel estimate there were approximately 2.190 million Mynaric ADS that may have been impacted by the claims alleged in this Action. Pursuant to the Plan of Allocation (*see* pages 13-16 below), Lead Plaintiff and Lead Counsel estimate that if all affected Mynaric ADS elect to participate in the Settlement, the average recovery per share could be approximately $0.1370, before deduction of any fees, expenses, costs, and awards described herein. This is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their Mynaric ADS, whether they sold their Mynaric ADS and the total number of valid Claim Forms submitted and the value of those claims. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* pages 13-16 below) or such other plan of allocation as may be ordered by the Court.

- **Statement of Potential Outcome if Litigation Continued:** The Parties disagree about both liability and damages and do not agree on the damages that would be recoverable if Lead Plaintiff were to prevail on each claim asserted against Defendants. For example, the Parties disagree on (i) whether Defendants made inaccurate statements and/or omitted material information to investors in the FY 2023 Earnings Release; (ii) whether Defendants made any additional statements or omitted any facts that were materially false or misleading during a conference call discussing the FY 2023 Earnings Release, or throughout the Class Period; (iii) whether any such allegedly materially false or misleading statements or omissions were made with the required level of intent or recklessness; (iv) the amounts by which the prices of Mynaric ADS were allegedly artificially inflated during the Class Period; (v) the extent to which factors such as general market, economic and industry conditions, influenced the trading prices of Mynaric ADS during the Class Period;

2

**Exhibit A-1**

and (vi) whether or not the allegedly false and misleading statements proximately caused the losses suffered by the Settlement Class.

- **Reasons for Settlement:** Lead Plaintiff's principal reason for entering into the Settlement is the immediate cash benefit for the Settlement Class without the costs, risks or the delays inherent in further litigation. Moreover, the cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery—or no recovery at all—might be all that could be secured after contested motions, a trial of the Action and the likely appeals that would follow a trial. This process could be expected to last several years. The Settlement was entered into after negotiations between Lead Counsel and Defendants' counsel considering the small amount of damages involved and Mynaric's ongoing restructuring in Europe. Without admitting any wrongdoing or liability on their part whatsoever, Defendants are willing to settle to avoid the continuing burden, expense, inconvenience and distraction to Defendants in this Action to avoid the costs, delay, and risks of continuing the Action.

- **Identification of Attorneys' Representatives:** Requests for further information regarding the Action, this Notice or the Settlement, can be directed to either the Claims Administrator or these representatives of Lead Counsel: Joshua B. Silverman, Pomerantz LLP, 10 S. LaSalle Street, Suite 3505, Chicago, Illinois 60603, (312) 377-1181, jbsilverman@pomlaw.com. **Please Do Not Call the Court with Questions About the Settlement.**

- **Attorneys' Fees and Expenses:** Lead Counsel have not received any payment for their services in conducting this litigation on behalf of Plaintiffs and the members of the Settlement Class, nor have they been reimbursed for their out-of-pocket expenditures. If the Settlement is approved by the Court, Lead Counsel will apply to the Court for attorneys' fees not to exceed one-third of the Settlement Amount and any interest accrued thereon, and reimbursement of expenses not to exceed $20,000.00, and any interest accrued thereon.[2] If the Court approves Lead Counsel's Fee and Expense Application, including deduction of estimated attorneys' fees and litigation expenses and any award for Lead Plaintiff, Lead Plaintiff and Lead Counsel estimate that if all affected Mynaric ADS elect to participate in the Settlement, the average amount of fees and litigation expenses per share could be approximately $0.0548. In addition, an award for the time and expenses incurred by the Lead Plaintiff will be requested, not to exceed $5,000.00.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY _____ , 2025** | The *only* way to get a payment. *See* Question 7 below for details. |

---

[2] The attorney fee application will be made collectively on behalf of Pomerantz LLP and Bronstein, Gewirtz & Grossman, LLC ("BGG"). Any attorneys' fees awarded by the Court will be divided pursuant to fee sharing agreements as follows: Pomerantz LLP (82%); BGG (18%).

**Exhibit A-1**

| | |
|---|---|
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY _____, 2025** | Get no payment.  This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against the Defendants or the other Released Defendants' Parties concerning the Releasing Plaintiffs' Parties' Claims.  *See* Question 10 below for details. |
| **OBJECT BY _____, 2025** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, or the attorneys' fee and expense application.  If you object, you will still be a member of the Settlement Class.  *See* Question 14 below for details. |
| **GO TO A HEARING ON _____, 2025 AND FILE A NOTICE OF INTENTION TO APPEAR BY _____, 2025** | Class Members may be permitted to appear and speak to the Court if they submit a written objection.  *See* Question 18 below for details. |
| **DO NOTHING** | Get no payment AND give up your rights to bring your own individual action. |

- These rights and options—and the deadlines to exercise them—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made to all Settlement Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved.  Please be patient.

### BASIC INFORMATION

**1.    Why did I get this Notice?**

You or someone in your family, or an investment account for which you serve as a custodian, might have purchased or otherwise acquired Mynaric ADS, and might be a Settlement Class Member.  This Notice explains the Action, the Settlement, the Settlement Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.  Receipt of this Notice does not necessarily mean that you are a Class Member or that you will be entitled to receive a payment.  **If you wish to be eligible for a payment, you must submit the Claim Form that is available on the Settlement website at www.strategicclaims.net/mynaric/.  *See* Question 7 below.**

The Court directed that this Notice be made publicly available on this website to inform Settlement Class Members of the terms of the proposed Settlement and about all of their options, before the Court decides whether to approve the Settlement at the upcoming hearing to consider

<u>**Exhibit A-1**</u>

the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and Lead Counsel's application for attorneys' fees and expenses (the "Settlement Hearing").

The Court in charge of the Action is the United States District Court for the Eastern District of New York, and the case is known as *Torstorff v. Mynaric AG*, No. 1:24-cv-07602-KAM-CLP (E.D.N.Y.). The Action is assigned to District Court Judge Kiyo A. Matsumoto.

**2.      <u>What is this case about and what has happened so far?</u>**

Mynaric develops and manufacturers laser communication products for aerospace-based communication networks for government and commercial markets in the United States and internationally. One of the Company's lines of products is the CONDOR series of optimal inter-satellite link flight terminals for satellite-to-satellite communications in space. The CONDOR Mk3 is a part of Mynaric's CONDOR series and, due to lower-than-expected production yields and component supplier shortages, the CONDOR Mk3 experienced production delays. Lead Plaintiff alleges that Defendants made false or misleading statements concerning these production delays and the material negative impact these production delays would have on the Company's revenue growth. Defendants deny any wrongdoing.

In connection with this Action, Lead Plaintiff, through their counsel, conducted a thorough investigation relating to the claims, defenses, and underlying events and transactions that are the subject of the Action. This process included reviewing and analyzing: (i) Mynaric's public filings with the SEC; (ii) publicly available information, including press releases, news articles, interviews, conference calls, and other public statements issued by or concerning the Company and/or Defendants; (iii) reports of securities and financial analysts about the Company, and other commentary and analysis concerning Mynaric and the industry in which it operates; and (iv) the applicable law governing the claims and potential defenses. Lead Plaintiff also consulted with experts on damages and causation, among other issues, and began preparing an amended class action complaint. However, after considering the small damages ultimately recoverable, the time and expense of litigation, potential defenses that might be raised, and what he perceived to be a significant risk of non-recovery should Lead Plaintiff prevail in the litigation, Lead Plaintiff and Lead Counsel discussed an early settlement with Defendants that Lead Plaintiff and Lead Counsel believe confers substantial monetary benefits upon, and is in the best interests of, the Settlement Class.

**3.      <u>Why is this a class action?</u>**

In a class action, one or more persons or entities (in this case, Plaintiffs), sues on behalf of people and entities who or which have similar claims. Together, these people and entities are a "class," and each is a "class member." Bringing a case, such as this one, as a class action allows the adjudication of many similar claims of persons and entities who or which might be too small to bring economically as separate actions. One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class.

**4.      <u>Why is there a Settlement?</u>**

Lead Plaintiff and Lead Counsel believe that the claims asserted in the Action have merit. However, Lead Plaintiff and Lead Counsel recognize the expense and length of continued proceedings necessary to pursue the claims through trial and appeals, as well as the difficulties in establishing liability and damages. Lead Plaintiff and Lead Counsel also recognize that Defendants have numerous defenses that could preclude a recovery. For example, Defendants have and would likely continue to challenge whether any of the statements in question were actually false and misleading, and whether they caused any losses. The Settlement provides a guaranteed and immediate cash recovery to the Settlement Class. In light of the risks, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

Defendants have denied and continue to deny any allegations of wrongdoing, that the Settlement Class Members suffered damages, or that the price Mynaric ADS were artificially inflated. The Settlement should not be seen as an admission or concession on the part of the Defendants.

The Settlement must be compared to the risk of no recovery after contested dispositive motions, trial, and likely appeals. The Parties disagree on both liability and damages, and do not agree on the average amount of damages per share, if any, that would be recoverable if Lead Plaintiff were to prevail on each claim alleged against the Defendants.

**5.      How do I know if I am part of the Settlement?**

Everyone who fits the following description is a Settlement Class Member and subject to the Settlement: all persons or entities other than Defendants that purchased or otherwise acquired Mynaric ADS between June 20, 2024 and October 7, 2024, both dates inclusive. For avoidance of doubt, transactions in Mynaric ordinary shares are not part of this Settlement and cannot qualify a person to be a Settlement Class Member. Excluded from the Settlement Class are all current and former officers, directors, and management and supervisory board members of Mynaric, Defendants herein, and the immediate family members of such persons. Also excluded are all putative members of the Settlement Class who file a valid and timely request for exclusion.

Receipt of this Notice does not mean that you are a Settlement Class Member. Please check your records or contact your broker to see if you are a member of the Settlement Class. You are a Settlement Class Member only if you individually (and not a fund you own) meet the Settlement Class definition.

**THE SETTLEMENT BENEFITS**

**6.      What does the Settlement provide?**

In exchange for the Settlement and the release of the Releasing Plaintiffs' Parties' Claims against the Released Defendants' Parties, Mynaric has agreed to fund $300,000.00 cash into an Escrow Account, which may accrue interest, to be distributed, after deduction of Court-awarded attorneys' fees and litigation expenses, Notice and Administration Costs, Taxes and Tax Expenses, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), among all Settlement Class Members who submit valid Claim Forms and are found to be eligible to receive

6

a distribution from the Net Settlement Fund ("Authorized Claimants"). Lead Counsel may pay the Claims Administrator reasonable Notice and Administration Costs up to $35,000.00 without further approval from the Court.

**7.    How can I receive a payment?**

To qualify for a payment, you must submit a timely and valid Claim Form. A Claim Form is included with this Notice. You can also obtain a Claim Form from the website dedicated to the Settlement: www.strategicclaims.net/mynaric/. You can request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at 1-866-274-4004. Please read the instructions contained in the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail, e-mail, or submit it electronically through www.strategicclaims.net/mynaric/ to the Claims Administrator so that it is **postmarked or received no later than _____, 2025.**

**8.    When will I receive my payment?**

The Court will hold a Settlement Hearing on _____, **2025** to decide, among other things, whether to finally approve the Settlement. Even if the Court approves the Settlement, there may be appeals, which can take time to resolve, perhaps more than a year. It also takes a long time for all of the Claim Forms to be accurately reviewed and processed. Please be patient.

**9.    What am I giving up to receive a payment or stay in the Settlement Class?**

If you are a member of the Settlement Class, unless you exclude yourself, you will remain in the Settlement Class. That means that upon the "Effective Date" of the Settlement, you will release all "Releasing Plaintiffs' Parties' Claims" against the "Released Defendants' Parties." Unless you exclude yourself, you are staying in the Settlement Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants about the Releasing Plaintiffs' Parties' Claims. It also means that all of the Court's orders will apply to you and legally bind you. On the "Effective Date," Defendants also will release any claims they might have against Lead Plaintiff and Settlement Class Members related to the prosecution of the Action.

**"Releasing Plaintiffs' Parties' Claims"** means any and all:

(a)    Claims and causes of action of every nature and description, whether known claims or Unknown Claims, including, but not limited to, debts, disputes, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues, claims, controversies, and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether individual or class in nature, whether arising under federal, state, local, or foreign statutory, common, or administrative law, or any other law, rule, or regulation, whether foreign or domestic, that

7

(b)     Lead Plaintiff or any Settlement Class Member: (i) asserted in the Action against Defendants; or (ii) could have asserted in the Action or in any other action or in any other forum that

(c)     Arise out of, are based on, or relate in any way to, directly or indirectly, any of the allegations, acts, transactions, facts, events, matters, occurrences, statements, representations or omissions involved, set forth, alleged, or referred to, in the Action; and that

(d)     Arise out of, are based upon, or relate in any way, directly or indirectly, to the purchase, acquisition, transfer, holding, ownership, disposition, or sale of Mynaric ADS by any Settlement Class Member, and/or any disclosures, public filings, registration statements, or other statements by Mynaric or any Defendant during the Class Period, including, without limitation, any claims related to statements, disclosures, nondisclosures, or omissions allegedly made or not made by Defendants or any other of the Released Defendant Parties, or that otherwise would have been bared by res judicata had the action been litigated to a final judgment.

For the avoidance of doubt, the Stipulation shall not release any insurer, co-insurer, excess insurer, or re-insurer from any obligation owed to any Defendant in the Action for indemnity or coverage under or relating to any policy of liability or other insurance policy. Releasing Plaintiffs' Parties' Claims shall not include: (i) any claims relating to the enforcement of the Settlement; and (ii) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court. As set forth below, this release includes a standard provision regarding the waiver of the benefits conferred by California Civil Code § 1542 or any other similar provision of law.

**"Released Defendants' Parties"** means:

(a) Each Defendant;

(b) The family members of the Individual Defendants;

(c) Direct or indirect parent entities, direct and indirect subsidiaries, related entities, and all affiliates of Mynaric AG;

(d) Any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant and/or his or her family members;

(e) Any firm, trust, corporation or other entity in which a Defendant has a controlling interest; and

(f) For any of the persons or entities listed in parts (a) through (e), as applicable, their respective past, present, and future parents, direct or indirect subsidiaries, affiliates, divisions, general partners, limited partners, principals, members, shareholders, joint venturers, officers, directors, supervisory or management board

8

**Exhibit A-1**

members, managers, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, advisors, underwriters, insurers, reinsurers, indemnitors, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, estates, and any controlling person thereof; all in their capacities as such (each of the foregoing, a "Released Defendants' Party").

"**Unknown Claims**" means and includes any and all Released Claims that the Releasing Plaintiffs' Parties (with respect to Releasing Plaintiffs' Parties' Claims) or Defendants (with respect to Released Defendants' Claims, as defined in the Stipulation) do not know or suspect to exist at the time of the release. This includes claims which, if known, might have affected the Settlement and Releasing Plaintiffs' Parties' Claims and Released Defendants' Claims, including the decision to object or not to object to this Settlement. The Parties expressly acknowledge and shall be deemed to have expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law that is, or is similar, comparable, or equivalent to California Civil Code ¶ 1542, which provides:

> *A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.*

Lead Plaintiff, other Settlement Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff and Defendants shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims as applicable, without regard to the subsequent discovery or existence, whether or not hidden or concealed, of such different or additional facts, legal theories, or authorities. Lead Plaintiff and Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a material element of the Settlement.

Upon the Effective Date of the Settlement, the Released Claims will be fully, finally, and forever released as to Defendants and all of the Released Parties. Upon the Effective Date, and as a material condition of the dismissal with prejudice of the Action, all Defendants and Released Parties shall release all of the Released Defendants' Claims as against Lead Plaintiff, Lead Counsel, and all Settlement Class Members.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

If you do not want to be part of the Settlement but you want to keep any right you may have to sue or continue to sue the Released Defendants' Parties on your own about the Releasing

**Exhibit A-1**

Plaintiffs' Parties' Claims, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself or "opting out."  **Please note: if you bring your own claims, Defendants will have the right to seek their dismissal.  Also, the Defendants may terminate the Settlement if Settlement Class Members who purchased in excess of a certain amount of Mynaric ADS seek exclusion from the Settlement Class.**

**10.   How do I exclude myself from the Settlement Class?**

To exclude yourself from the Settlement Class, you must mail a signed letter stating that you "request to be excluded from the Settlement Class in *Torstorff v. Mynaric AG*, Case No. 1:24-cv-07602 (E.D.N.Y.)".  You cannot exclude yourself by telephone or e-mail.  Each request for exclusion must also: (i) state the name, address, and telephone number of the person or entity requesting exclusion; (ii) state the number of Mynaric ADS purchased, acquired, and/or sold between June 20, 2024 and October 7, 2024, both dates inclusive, as well as the dates and prices of each such purchase, acquisition, and sale; and (iii) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion must be mailed, so that it is **received no later than _____, 2025,** to:

Mynaric AG Securities Litigation - **EXCLUSION**
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063

**Your exclusion request must comply with these requirements in order to be valid, unless it is otherwise accepted by the Court.**

If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund.  Also, you cannot object to the Settlement because you will not be a Settlement Class Member.  However, if you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) the Defendants and the other Released Defendants' Parties in the future, assuming your claims are timely.  If you have a pending lawsuit against any of the Released Defendants' Parties, **please speak to your lawyer in that case immediately**.  Lead Counsel cannot provide you legal advice concerning any other Action.

**11.   If I do not exclude myself, can I sue the Defendants and the other Released Defendants' Parties for the same thing later?**

No.  Unless you properly exclude yourself, you will give up any rights to sue the Defendants and the other Released Defendants' Parties for any and all Releasing Plaintiffs' Parties' Claims.

**THE LAWYERS REPRESENTING YOU**

**12.   Do I have a lawyer in this case?**

10

The Court appointed Pomerantz LLP to serve as Lead Counsel.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**13.    How will the lawyers be paid?**

You will not be separately charged for these lawyers.  The Court will determine the amount of Lead Counsel's fees and expenses, which will be paid from the Settlement Fund.  To date, Lead Counsel have not received any payment for their services in pursuing the claims against Defendants on behalf of the Settlement Class, nor have they been paid for their litigation expenses.  Lead Counsel will ask the Court to award attorneys' fees of no more than one-third of the Settlement Fund, plus accrued interest, and reimbursement of litigation expenses of no more than $20,000.00 plus accrued interest.  Lead Plaintiff may also request an award of up to $5,000.00 to reimburse his reasonable time, costs and expenses in representing the Settlement Class.

**OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION,
OR THE FEE AND EXPENSE APPLICATION**

**14.    How do I tell the Court that I do not like something about the proposed Settlement?**

If you are a Settlement Class Member, you may object to the Settlement or any of its terms, the proposed Plan of Allocation, the application for attorneys' fees and expenses, or any application of an award to Lead Plaintiff.  You can ask the Court to deny approval by filing an objection.  You can't ask the Court to order a different settlement; the Court can only approve or reject this Settlement.  If the Court denies approval, no settlement payments will be sent out, and the lawsuit will continue.

Any objection to the proposed settlement must be in writing.  If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney.  If you appear through your own attorney, you are responsible for hiring and paying that attorney.  All written objections and supporting papers must (a) clearly identify the case name and number "*Torstorff v. Mynaric AG*, Case No. 1:24-cv-07602 (E.D.N.Y.)"; (b) be submitted to the Court either by filing them electronically or in person at any location of the United States District Court for the Eastern District of New York or by mailing them for filing to the Clerk, United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201; and (c) be filed or received on or before _____, 2025.

**15.    What is the difference between objecting and seeking exclusion?**

Objecting is telling the Court that you do not like something about the proposed Settlement.  You may object and yet still recover money from the Settlement *if* you timely submit a valid Claim Form and the Settlement is approved.  You may object *only* if you remain part of the Settlement Class.  Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If you exclude yourself from the Settlement Class, you will lose standing to object to the Settlement because it will no longer affect you.

**THE SETTLEMENT HEARING**

11

**Exhibit A-1**

**16.      When and where will the Court decide whether to approve the proposed Settlement?**

The Court will hold the Settlement Hearing on _____, 2025 at _____ _.m., at the United States District Court for the New York Eastern District, 225 Cadman Plaza East, Brooklyn, NY 11201, or via remote means that the Court may specify.  At this hearing, the Court will consider, whether: (i) the Settlement is fair, reasonable, and adequate, and should be finally approved; (ii) the Plan of Allocation is fair and reasonable and should be approved; and (iii) Lead Counsel's application for attorneys' fees and expenses and Lead Plaintiff's award are reasonable and should be approved.  The Court will take into consideration any written objections filed in accordance with the instructions in Question 14 above.  We do not know how long it will take the Court to make these decisions.

You should be aware that the Court may change the date and time of the Settlement Hearing, or hold the hearing remotely, without another notice being sent to Settlement Class Members.  If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date or time has not changed, periodically check the settlement website at www.strategicclaims.net/mynaric/, or periodically check the Court's website at https://www.nyed.uscourts.gov/ to see if the Settlement Hearing stays as calendared or is changed. The Court's docket is also available on the PACER service at https://www.pacer.gov.

**17.      Do I have to come to the Settlement Hearing?**

No.  Lead Counsel will answer any questions the Court may have.  But, you are welcome to attend at your own expense.  If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it.  You may have your own lawyer attend (at your own expense), but it is not required.

**18.      May I speak at the Settlement Hearing?**

If you have submitted a timely objection and have not opted out of the Settlement, you may appear and address the Court at the Settlement Hearing should you wish to do so.  If you have not opted out of the Settlement but did not submit a timely objection, you may also appear at the Settlement Hearing and address the Court concerning the Settlement should you wish to do so.

**IF YOU DO NOTHING**

**19.      What happens if I do nothing at all?**

If you do nothing and you are a member of the Settlement Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against the Defendants and the other Released Defendants' Parties concerning the Releasing Plaintiffs' Parties' Claims.  To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 7 above).  To start, continue or be part of any other lawsuit against the Defendants and the other Released Defendants' Parties concerning the Releasing Plaintiffs' Parties' Claims in this case, to the extent it is otherwise permissible to do so, you must exclude yourself from the Settlement Class (*see* Question 10 above).

**GETTING MORE INFORMATION**

12

**Exhibit A-1**

**20.    Are there more details about the Settlement?**

This Notice summarizes the proposed Settlement.  More details are in the Stipulation, Lead Counsel's motions in support of final approval of the Settlement, the request for attorneys' fees and litigation expenses, and approval of the proposed Plan of Allocation which will be filed with the Court no later than _____, 2025 and will be available from Lead Counsel, the Claims Administrator, or the Court, pursuant to the instructions below.

You may review the Stipulation or documents filed in the case at the Office of the Clerk, United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201, on weekdays (other than court holidays) between 9:00 a.m. and 4:00 p.m.  Subscribers to PACER can also view the papers filed publicly in the Action at https://www.pacer.gov.

You can also get a copy of the Stipulation and other case documents by visiting the website dedicated to the Settlement, www.strategicclaims.net/mynaric/, calling the Claims Administrator toll free at 1-866-274-4004, emailing the Claims Administrator at info@strategicclaims.net or writing to the Claims Administrator at Mynaric AG Securities Litigation c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063.

**Please do not call the Court with questions about the Settlement.**

**PLAN OF ALLOCATION OF NET SETTLEMENT FUND**

**21.    How will my claim be calculated?**

As discussed above, the Settlement provides $300,000.00 in cash for the benefit of the Settlement Class.  The Settlement Amount and any interest it earns constitute the "Settlement Fund."  The Settlement Fund, less any taxes and tax expenses, any Fee and Expense Application to Lead Counsel, any award to Lead Plaintiff approved by the Court, and Settlement Administration Costs is the "Net Settlement Fund."  If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants—*i.e.*, Settlement Class Members who timely submit valid Claim Forms that are accepted for payment by the Court—in accordance with this proposed Plan of Allocation or such other plan of allocation as the Court may approve.  Settlement Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will otherwise be bound by the Settlement.  The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Settlement Class.  Any order modifying the Plan of Allocation will be posted on the settlement website, www.strategicclaims.net/mynaric/.

The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Settlement Class Members who suffered alleged economic losses as a proximate result of the Defendants' alleged wrongdoing.  The Plan of Allocation is not a formal damages analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Settlements Class Members might have been able to recover after a trial.  Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement.  The computations under the Plan of Allocation are only a method to weigh, in a fair

13

and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized loss, as calculated pursuant to the formula set forth below ("Recognized Loss"). Please Note: The Recognized Loss formula, set forth below, is not intended to be an estimate of the amount of what a Settlement Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss and subject to the provisions in the preceding paragraph. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total Recognized Losses of all Authorized Claimants and subject to the provisions in the preceding paragraph (*i.e.*, "*pro rata* share"). Payment in this manner shall be deemed conclusive against all Authorized Claimants. No distribution will be made on a claim where the potential distribution amount is less than $10 dollars ($10.00) in cash.

The Plan of Allocation takes into consideration the limitation on damages provision of the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(e), which incorporates a 90-day lookback period, the advice of Lead Plaintiff's experts, and the principles of economic loss articulated by the Supreme Court in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005). The Plan of Allocation also takes into account Lead Counsel's assessment of the strengths and weaknesses of the various claims and defenses.

The Plan of Allocation was created with the assistance of a consulting damages expert which estimated the artificial inflation in the price of Mynaric ADS related to the misrepresentations and omissions alleged in this Action as reflected in Table 1 below. The computation of the estimated alleged artificial inflation in the price of Mynaric ADS is consistent with the claims set forth in the operative complaint in this Action and the price change in the stock, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Lead Plaintiff:

**Calculation of Recognized Loss Per Share Under Section 10(b)**

**Recognized Loss for the Company's ADS Purchased During the Class Period will be calculated as follows:**

(A)    For ADS purchased during the Class Period <u>and sold during the Class Period</u>, the Recognized Loss per ADS will be the *lesser* of: (1) the inflation per ADS upon purchase (as set forth in Inflation Table A below) less the inflation per ADS upon sale (as set forth in Inflation Table A below); or (2) the purchase price per ADS minus the sales price per ADS.

**Exhibit A-1**

(B)     For ADS purchased during the Class Period <u>and sold during the period October 8, 2024 through January 3, 2025</u>, inclusive, the Recognized Loss will be the *lesser* of: (1) the inflation per ADS upon purchase (as set forth in Inflation Table A below); or (2) the difference between the purchase price per ADS and the average closing ADS price as of date of sale provided in Table B below.

(C)     For ADS purchased during the Class Period <u>and retained as of the close of trading on January 3, 2025</u> the Recognized Loss will be the *lesser* of: (1) the inflation per ADS upon purchase (as set forth in Inflation Table A below); or (2) the purchase price per ADS minus $1.10[3] per ADS.

| INFLATION TABLE A | |
|---|---|
| ADS Purchased During the Class Period | |
| **Period** | **Inflation** |
| June 20, 2024 to August 19, 2024, inclusive | $2.98 per ADS |
| August 20, 2024 | $0.68 per ADS |
| August 21, 2024 to August 26, 2024, inclusive | $0.20 per ADS |
| August 27, 2024 to October 7, 2024, inclusive | $0.09 per ADS |
| October 8, 2024 and thereafter | $0.00 per ADS |

**Table B**

| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
|---|---|---|---|---|---|
| 10/8/2024 | $1.53 | $1.60 | 11/20/2024 | $1.39 | $1.34 |
| 10/9/2024 | $1.39 | $1.50 | 11/21/2024 | $1.40 | $1.35 |
| 10/10/2024 | $1.38 | $1.46 | 11/22/2024 | $1.37 | $1.35 |
| 10/11/2024 | $1.35 | $1.43 | 11/25/2024 | $1.39 | $1.35 |
| 10/14/2024 | $1.27 | $1.40 | 11/26/2024 | $1.37 | $1.35 |
| 10/15/2024 | $1.27 | $1.38 | 11/27/2024 | $1.39 | $1.35 |
| 10/16/2024 | $1.29 | $1.36 | 11/29/2024 | $1.39 | $1.35 |
| 10/17/2024 | $1.30 | $1.36 | 12/2/2024 | $1.44 | $1.35 |
| 10/18/2024 | $1.30 | $1.35 | 12/3/2024 | $1.44 | $1.35 |

---

[3] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated." $1.10 per ADS was the mean (average) daily closing trading price of the Company's ADS during the 90-day period beginning on October 8, 2024 through and including on January 3, 2025.

15

**Exhibit A-1**

| | | | | | |
|---|---|---|---|---|---|
| 10/21/2024 | $1.28 | $1.34 | 12/4/2024 | $1.45 | $1.36 |
| 10/22/2024 | $1.26 | $1.34 | 12/5/2024 | $1.41 | $1.36 |
| 10/23/2024 | $1.26 | $1.33 | 12/6/2024 | $0.50 | $1.34 |
| 10/24/2024 | $1.27 | $1.32 | 12/9/2024 | $0.45 | $1.32 |
| 10/25/2024 | $1.19 | $1.31 | 12/10/2024 | $0.46 | $1.30 |
| 10/28/2024 | $1.17 | $1.31 | 12/11/2024 | $0.44 | $1.28 |
| 10/29/2024 | $1.25 | $1.30 | 12/12/2024 | $0.37 | $1.26 |
| 10/30/2024 | $1.16 | $1.29 | 12/13/2024 | $0.37 | $1.24 |
| 10/31/2024 | $1.28 | $1.29 | 12/16/2024 | $0.46 | $1.23 |
| 11/1/2024 | $1.39 | $1.30 | 12/17/2024 | $0.48 | $1.21 |
| 11/4/2024 | $1.52 | $1.31 | 12/18/2024 | $0.38 | $1.20 |
| 11/5/2024 | $1.45 | $1.32 | 12/19/2024 | $0.39 | $1.18 |
| 11/6/2024 | $1.45 | $1.32 | 12/20/2024 | $0.42 | $1.17 |
| 11/7/2024 | $1.49 | $1.33 | 12/23/2024 | $0.44 | $1.15 |
| 11/8/2024 | $1.42 | $1.33 | 12/24/2024 | $0.50 | $1.14 |
| 11/11/2024 | $1.45 | $1.34 | 12/26/2024 | $0.46 | $1.13 |
| 11/12/2024 | $1.35 | $1.34 | 12/27/2024 | $0.63 | $1.12 |
| 11/13/2024 | $1.33 | $1.34 | 12/30/2024 | $0.96 | $1.12 |
| 11/14/2024 | $1.36 | $1.34 | 12/31/2024 | $0.75 | $1.11 |
| 11/15/2024 | $1.33 | $1.34 | 1/2/2025 | $0.85 | $1.11 |
| 11/18/2024 | $1.39 | $1.34 | 1/3/2025 | $0.92 | $1.10 |
| 11/19/2024 | $1.40 | $1.34 | | | |

Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants. No person shall have any claim against Defendants, Defendants' Counsel, Lead Plaintiffs, Lead Counsel or the Settlement Administrator or other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's Claim Form. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Cash Settlement Amount shall be released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Cash Settlement Amount, will be barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court.

## INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible securities that participate in the Settlement,

16

<u>**Exhibit A-1**</u>

and when those securities were purchased and sold. The number of claimants who send in claims varies widely from case to case.

A purchase or sale of Mynaric ADS shall be deemed to have occurred on the "trade" date as opposed to the "settlement" or "payment" date.

Acquisition by Gift, Inheritance, or Operation of Law: If a Class Member acquired Mynaric ADS by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer.

Notwithstanding any of the above, receipt of Mynaric ADS during the Class Period in exchange for securities of any other corporation or entity, shall not be eligible for recovery and shall have a Recognized Loss of $0.00.

The first-in-first-out ("FIFO") basis will be applied to purchases and sales. Under FIFO, sales will be matched against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition.

The date of covering a "short sale" is deemed to be the date of purchase of shares. The date of a "short sale" is deemed to be the date of sale of shares. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a claimant has an opening short position in Mynaric ADS, the earliest purchases shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

Option contracts are not securities eligible to participate in the Settlement. With respect to shares purchased or sold through the exercise of an option, the purchase/sale date of the share shall be the exercise date of the option and the purchase/sale price of the share shall be the exercise price of the option. Any Recognized Loss arising from purchases of shares acquired during the Class Period through the exercise of an option on Mynaric ADS[4] shall be computed as provided for other purchases of Mynaric ADS in the Plan of Allocation.

Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants. A Recognized Loss will be calculated as defined herein and cannot be less than zero.

Class Members who do not submit acceptable Proofs of Claim will not share in the Settlement proceeds. Class Members must document their transactions to be eligible for any recovery hereunder.

The Settlement and the Final Judgment and Order of Dismissal with Prejudice dismissing this Action will bind Class Members who do not submit a request for exclusion and/or submit an acceptable Proof of Claim.

---

[4] Including (1) purchases of stock as the result of the exercise of a call option, and (2) assignment of stock to the seller of a put option as a result of the buyer of such put option exercising that put option.

**Exhibit A-1**

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims-administration process, to decide the issue by submitting a written request.

Defendants, their respective counsel, and all other Released Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. Lead Plaintiff and Lead Counsel, likewise, will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

## SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES

If you purchased or otherwise acquired Mynaric ADS between June 20, 2024 and October 7, 2024, both dates inclusive, for the beneficial interest of a person or entity other than yourself, the Court has directed that **WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE**, **YOU MUST EITHER**: (a) provide to the Claims Administrator the name, last known address, and email address of each such person or entity; or (b) request additional copies of the Postcard Notice from the Claims Administrator, which will be provided to you free of charge, and **WITHIN SEVEN (7) DAYS** of receipt, mail the Postcard Notice directly to all such persons or entities; or (c) request the link to the Notice and Claim Form from the Claims Administrator (or obtain it by visiting the Notice and Claim Form pages of the Settlement website listed herein), and **WITHIN SEVEN (7) DAYS** of receipt, email the link directly to all beneficial owners for whom you are a nominee or custodian. If they are available, you must also provide the Claims Administrator with the e-mail addresses of the beneficial owners. If you choose to follow procedure (b) or (c), the Court has also directed that, upon making that mailing, **YOU MUST SEND A STATEMENT** to the Claims Administrator confirming that the mailing was made as directed **WITHIN SEVEN (7) CALENDAR DAYS** of receipt of the Postcard Notices form the Claims Administrator/link to the Notice and Claim Form, and keep a record of the names and mailing addresses used.

Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred up to a maximum of $0.03 per name and address provided to the Claims Administrator; up to $0.03 per Postcard Notice actually mailed, plus postage at the rate used by Claims Administrator; or up to $0.03 per link to the Notice and Claim Form transmitted by email, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Any dispute concerning the reasonableness of reimbursement costs shall be resolved by the Court. Copies of this Notice and the Claim Form may be obtained from the website maintained by the Claims Administrator. All communications concerning the foregoing should be addressed to the Claims Administrator by telephone at 1-866-274-4004, by email at info@strategicclaims.net at the Settlement website at www.strategicclaims.net/mynaric/, or through mail at Mynaric AG Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063.

Dated: _____, 2025             BY ORDER OF THE UNITED STATES
                                            DISTRICT COURT FOR THE

18

**Exhibit A-1**

EASTERN DISTRICT OF NEW YORK