**Exhibit B**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ALEX TORSTORFF, Individually and on Behalf of All Others Similarly Situation, *Plaintiff*, v. MYNARIC AG, MUSTAFA VEZIROGLU, and STEFAN BERNDT-VON BÜLOW *Defendants*. | Case No. 1:24-cv-07602-KAM-CLP Hon. Kiyo A. Matsumoto |

## [PROPOSED] ORDER AND FINAL JUDGMENT

On the ____ day of _____, 2025, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated April 21, 2025 (the "Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by the Settlement Class against the Defendants (as defined in the Stipulation), including release of the Released Claims against the Released Parties, and should be approved; (2) whether judgment should be entered dismissing the Action with prejudice; (3) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members; (4) whether and in what amount to award Lead Counsel fees and reimbursement of expenses; and (5) whether and in what amount to award Lead Plaintiff's reimbursement award; and

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing in the record that the Postcard Notice substantially in the form approved by the Court in the Court's Order Granting Lead Plaintiff's Motion for Preliminary Approval of Class Action Settlement, dated _____, 2025 ("Preliminary Approval Order") was mailed to all reasonably identifiable Settlement Class Members; and the Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing and Motion for Attorneys' Fees and Expenses

1

was posted to the website of the Claims Administrator, both in accordance with the Preliminary Approval Order and the specifications of the Court; and

It appearing in the record that the Summary Notice of Pendency of Class Action, Proposed Class Action Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Expenses substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with the Preliminary Approval Order and the specifications of the Court;

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1.      This Order and Final Judgment incorporates by reference the definitions in the Stipulation (Dkt. No. ___), and all capitalized terms used herein shall have the same meanings as set forth therein.

2.      The Court has jurisdiction over the subject matter of the Action, Lead Plaintiff, all Settlement Class Members, and the Defendants.

3.      The Court finds that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied, for settlement purposes only, in that:

(a)      the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable;

(b)      there are questions of law and fact common to the Settlement Class;

(c)      Lead Plaintiff's claims are typical of the claims of the Settlement Class he seeks to represent;

(d)      Lead Plaintiff and Lead Counsel fairly and adequately represent the interests of the Settlement Class;

(e)      questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and

(f)       a class action is superior to other available methods for the fair and efficient adjudication of this Action, considering:

2

        i.      the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions;

        ii.      the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members;

        iii.      the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and

        iv.      the difficulties likely to be encountered in the management of the class action.

The Settlement Class is certified for settlement purposes only.

4.      Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, for settlement purposes only, the Court hereby finally certifies this action as a class action for a Settlement Class consisting of:  all persons or entities other than Defendants that purchased or otherwise acquired Mynaric ADS between June 20, 2024 and October 7, 2024, both dates inclusive. For avoidance of doubt, transactions in Mynaric ordinary shares are not part of this Settlement and cannot qualify a person to be a Settlement Class Member. Excluded from the Settlement Class are all current and former officers and directors of Mynaric, Defendants herein, and the immediate family members of such persons. Also excluded are all putative members of the Settlement Class who filed a valid and timely request for exclusion, who are listed on Exhibit 1 hereto as having submitted an exclusion request allowed by the Court. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for settlement purposes only, Lead Plaintiff is certified as the class representative for the Settlement Class and Lead Counsel, Pomerantz LLP, previously selected by Lead Plaintiff and appointed by the Court is hereby appointed as Class Counsel for the Settlement Class.

5.      In accordance with the Court's Preliminary Approval Order, the Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private

Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons and entities entitled to such notice. No Settlement Class Member is relieved from the terms and conditions of the Settlement, including the releases provided for in the Stipulation, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, it is hereby determined that all Settlement Class Members are bound by this Order and Final Judgment except those persons who are properly excluded from the Settlement.

6.     [There have been no objections to the settlement.]

7.     In light of the benefits to the Class, the complexity, expense, and possible duration of further litigation against Defendants, the risks of establishing liability and damages, and the costs of continued litigation, the Settlement is approved as fair, reasonable, and adequate under Rule 23 of the Federal Rules of Civil Procedure, and in the best interests of the Settlement Class. This Court further finds that the Settlement set forth in the Stipulation is the result of good faith, arm's-length negotiations between experienced counsel representing the interests of Lead Plaintiff, Settlement Class Members and Defendants. The Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

8.     The Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as against each and all of the Defendants. The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

9.     The releases set forth in paragraphs 2.3 and 2.4 of the Stipulation, together with the definitions contained in paragraphs 1.1 through 1.40 of the Stipulation relating thereto, are expressly incorporated herein in all respects. Without further action by anyone, upon the Effective Date, the Releasing Plaintiffs' Parties, on behalf of themselves and each of their respective heirs,

4

executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and every one of the Releasing Plaintiffs' Parties' Claims against each and every one of the Released Defendants' Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Releasing Plaintiffs' Parties' Claims against any and all of the Released Defendants' Parties, whether or not any individual Settlement Class Member executes and delivers the Proof of Claim, and whether or not any individual Settlement Class Member shares or seeks to share in the Settlement Fund. Nothing contained herein shall, however, bar the Releasing Plaintiffs' Parties from bringing any action or claim to enforce the terms of the Stipulation or this Order and Final Judgment.

10.     To the fullest extent permitted by law, all Releasing Plaintiffs' Parties shall be permanently enjoined, barred and restrained from bringing, commencing, prosecuting or asserting any claims, actions, or causes of action for contribution, indemnity or otherwise against any of the Released Defendants' Parties seeking as damages or otherwise the recovery of all or any part of any liability, judgment, or settlement which they pay or are obligated to pay or agree to pay to the Settlement Class or any Settlement Class Member arising out of, relating to, or concerning such Released Defendants' Parties' participation in any acts, facts, statements, or omissions that were or could have been alleged in the Action, whether arising under state, federal, or foreign law as claims, cross-claims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum. Further, nothing in the Stipulation or this Order and Final Judgment shall apply to bar or otherwise affect any claim for insurance coverage by any Defendant.

11.     Each Settlement Class Member, whether or not such Settlement Class Member executes and delivers a Proof of Claim, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

12. [All Persons and entities whose names appear on Exhibit 1 hereto are hereby excluded from the Settlement Class, are not bound by this Judgment, and may not make any claim with respect to or receive any benefit from the Settlement.]

13. The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, *et seq.*, to the extent applicable to this Action, have been satisfied.

14. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Lead Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Stipulation. Defendants have no responsibility with respect to the Plan of Allocation or the administration of the Settlement.

15. The Court finds that all Parties and their counsel have complied with all requirements of Rule 11 of the Federal Rules of Civil Procedure and the Private Securities Litigation Record Act of 1995 as to all proceedings herein.

16. Neither this Order and Final Judgment, the Stipulation (nor the Settlement contained therein), nor any of its terms and provisions, nor any of the negotiations, documents or proceedings connected with them:

    (a)    is or may be deemed to be, or may be used as an admission, concession, or evidence of, the validity or invalidity of any Released Claims, the truth or falsity of any fact alleged by Lead Plaintiff, the sufficiency or deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing, liability, negligence, or fault of the Defendants, the Released Defendants' Parties, or any of them;

    (b)    is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved, or made by any of the Defendants or Released Defendants' Parties in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal;

6

(c)    is or may be deemed to be or shall be used, offered or received against the Parties, Defendants or the Released Defendants' Parties, or each or any of them, as an admission, concession or evidence of the validity or invalidity of the Released Claims, the infirmity or strength of any claim raised in the Action, the truth or falsity of any fact alleged by the Lead Plaintiff or the Settlement Class, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

(d)    is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against Defendants, or the Released Defendants' Parties, or each or any of them, that any of Lead Plaintiff's or Settlement Class Members' claims are with or without merit, that a litigation class should or should not be certified, that damages recoverable in the Action would have been greater or less than the Settlement Fund or that the consideration to be given pursuant to the Stipulation represents an amount equal to, less than or greater than the amount which could have or would have been recovered after trial.

17.    Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Defendants' Parties, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Defendants' Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Parties may file the Stipulation and/or this Order and Final Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Parties may file the Stipulation and/or this Order and Final Judgment in any proceedings that may be necessary to

consummate or enforce the Stipulation, the Settlement, or this Order and Final Judgment.

18.     Except as otherwise provided herein or in the Stipulation, all funds held by the Escrow Agent shall be deemed to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed or returned pursuant to the Stipulation and/or further order of the Court.

19.     Without affecting the finality of this Order and Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over the Parties and the Settlement Class Members for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Settlement Class Members.

20.     Without further order of the Court, the Defendants and Lead Plaintiff may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

21.     The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make on Lead Counsel's application for an award of attorneys' fees and expenses or an award to the Lead Plaintiff.

22.     Lead Counsel are hereby awarded _____% of the Settlement Amount in fees, which the Court finds to be fair and reasonable, and $_____ in reimbursement of expenses plus interest earned on such amounts while deposited in the Settlement Fund. Defendants shall have no responsibility for any allocations of attorneys' fees and expenses and shall have no liability to Lead Counsel or any other person in connection with the allocation of attorneys' fees and expenses. Lead Plaintiff is hereby awarded $_____, which the Court finds to be fair and reasonable.

23.     In the event the Settlement is not consummated in accordance with the terms of the Stipulation or is terminated, or the Effective Date does not occur, then the Stipulation and this Order and Final Judgment (including any amendment(s) thereof, and except as expressly provided in the Stipulation or by order of the Court) shall be null and void, of no further force or effect, and

**Exhibit B**

without prejudice to any Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Parties or the Releasing Parties, and each Party shall be restored to his, her, or its respective litigation positions as they existed immediately prior to the date of the Stipulation, pursuant to the terms of the Stipulation.  Further, any portion of the Settlement Amount previously paid into the Escrow Account, together with any earnings thereon, less any Taxes paid or due, less Notice and Administration Expenses actually incurred and paid or payable from the Settlement Fund, shall be returned to the Defendants in accordance with Section 12.10 of the Stipulation.

24.    There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.


Dated: _____, 2025                    _____
                                                HON. KIYO A. MATSUMOTO
                                                UNITED STATES DISTRICT JUDGE

9